UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS, as subrogee of Johnston Retirement Residence Limited Partnership<br>Hartford, Connecticut 06183<br><br>And<br><br>JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP,<br>2250 McGilchrist Street, S.E.<br>Suite 200<br>Salem, Oregon, 97302<br>*Plaintiffs*<br><br>vs.<br><br>STR GRINNELL GP HOLDING, INC.,<br>t/a Simplex Grinnell, LP<br>100 Simplex Drive<br>Westminster, Massachusetts 01441<br><br>And<br><br>SHILO AUTOMATIC SPRINKLER, INC.<br>1404 First Street North<br>Nampa, Idaho 83651 | : | C.A. No.: 03-511 S |

**DEFENDANT SHILO AUTOMATIC SPRINKLER, INC.' S MOTION TO MODIFY OR VACATE ORDER OF JULY 19, 2005**

Now comes the defendant Shilo Automatic Sprinkler, Inc., and hereby moves for an Order of this Honorable Court vacating a portion of the Order dated July 19, 2005, which denied Shilo's Motion for Summary Judgment against the Plaintiffs as Moot and stated that Shilo had waived its defenses based on the statute of limitations.[1]

[1] In its motion against Holiday and Travelers, Shilo argued that the action was barred by the statute of repose, R.I.G.L § 9-1-29, and did not raise the issue of the statute of limitations that apply to contracts generally or contracts for the sale of goods. The reason for this was the lack of a contractual relationship with Holiday as discussed herein.

At the March 1, 2005 hearing on the defendant, Shilo's motion for summary judgment, the Magistrate took all issues argued by the parties under advisement in light of the plaintiffs' filing of a motion to amend on the day prior to this hearing. At that point, the Court's focus shifted from Shilo's motion for summary judgment to the plaintiffs' motion to amend. On March 16, 2005, the Magistrate held a hearing on the plaintiffs' motion to amend. Shilo argued in its memorandum, and at the hearing on the motion to amend, that by changing the parties in this case, (i.e., the new action by Johnston instead of Holiday), Shilo would be prejudiced because the arguments with respect to a motion for summary judgment would be materially different, (i.e., Shilo would have raised in its summary judgment motion against Johnston that the matter is barred by the statute of limitations pertaining to contracts generally, R.I.G.L. § 9-13-1, and/or by the provision of the Uniform Commercial Code pertaining to a sale of goods and warranty, R.I.G.L. § 6A-2-276, which were not yet at issue).

In the first motion that was before the Court on March 1, 2005, Shilo had based its argument against Holiday entirely upon the statute of repose for improvements to real property, R.I.G.L. § 9-1-29, because Holiday had no contractual relationship with Shilo, and, therefore, its action must be characterized as one in tort that is barred under the provisions of R.I.G.L. § 9-1-29. The plaintiffs moved to amend the complaint at the eleventh hour to substitute the owner of the premises, Johnston, and to assert rights as a "third party beneficiary" of a contract between Shilo and Colson and Colson Construction, the general contractor for the project. Significantly, Shilo has <u>never</u> had the opportunity to litigate the issue of whether Johnston actually is a third party beneficiary under the Shilo – Colson contract. The reason that Shilo has not litigated that matter, and did not raise its original motion for summary judgment is very simple: Johnston was not a party to the action at the time for filing the dispositive motion, and Johnston did not

become a party until April of 2005, upon the filing of the amended complaint. Therefore, it would be impossible to waive any rights or defenses against Johnston, a separate and distinct entity before it was named as a party to this action.

Shilo only objected to the April R&R to the extent that the Magistrate never addressed Shilo's motion with respect to the cross-claim by Grinnell. This was due to the fact that Grinnell was a party to the initial complaint, as well as the amended complaint. Shilo moved to have the Court address the issue of Grinnell's cross-claim on the chance that the Court did not adopt the Magistrate's R&R granting Grinnell's motion for summary judgment, and the case went forward with Grinnell as a party. As a result of the change of party plaintiffs, however, the substantive legal issues changed for Shilo. This was not a mere substitution of entities, because following the amendment, an entirely new third-party beneficiary claim was raised for the first time, along with a host of contract defenses that are appropriate for a motion for summary judgment. Here, Holiday had no contractual rights against Shilo, and Johnston, as owner, is now alleging to be a "third party beneficiary" of the subject contract.[2]

Based on the circumstances and statements at the hearings and in the Magistrate's decisions, Shilo would be entitled to file another motion for summary judgment as to the newly added party plaintiffs. Most significantly, the circumstances and decision of the Magistrate granting the motion to amend indicated that Shilo would have another chance to raise the issues argued in its opposition to the motion to amend at a subsequent Fed. R. Civ. P. 56 hearing. Specifically, in the Memorandum and Order with respect to the motion to amend, the Magistrate stated:

[2] This is true for Travelers too because Travelers steps into the shoes of its subrogee, and only had the rights of its named subrogee against Shilo. As stated above, the substantive legal rights of Holiday against Shilo are different from those of Johnston, who claims to be a third party beneficiary of the subject construction subcontract between Shilo and Colson and Colson Construction.

> Shilo alternatively argues that Plaintiffs' Motion to Amend should be denied as futile because their proposed claims against JRRLP are time-barred by the applicable statute of limitations. Although **this Court offers no opinion as to whether Shilo may ultimately prevail on that defense under Fed. R. Civ. P. 56** or after trial, this Court must apply the stringent Fed. R. Civ. P. 12(b)(6) standard in determining whether a proposed amendment would be futile. (Emphasis added.) (Memorandum and Order dated March 28, 2005, pages 4-5.) (Document # 69, Filed March 28, 2005.)

On April 11, 2005, less than a week after the plaintiff filed their amended complaint, Shilo filed a motion to extend the discovery deadline and deadline for filing of dispositive motions to October 1, 2005. On May 25, 2005, the Court granted Shilo's motion to extend the initial discovery deadline, and deadline for filing dispositive motions. (See Document # 82, Order Entered May 24, 2005.) In support of that motion, Shilo requested that the Court set new deadlines because of the issues raised by the newly amended complaint and substitution of parties. It is important to note that none of the parties to the action objected to that motion, which is evidence of the understanding by the parties that there would be new issues raised as a result of Johnston being the operative subrogee of Travelers.

Shilo's position is that it would be unfair for the Court to allow the plaintiffs to amend their complaint at the eleventh hour, and then foreclose a subsequent motion for summary judgment against the new party with very different substantive legal rights. The substitution of Johnston was not the mere changing of a name, it was the substitution of an entirely new party. Indeed, this is a reason that counsel for Shilo argued that the matter should have been dismissed, and the plaintiffs should have filed a new complaint. These concerns were raised on the record at the hearing on the motion to amend. The Magistrate, however, indicated that because there was nothing to prevent the plaintiffs from filing a new complaint, it would be more efficient to simply allow the amendment. Implied in that ruling, however, as stated above, was the understanding that there would be new deadlines for summary judgment motions.

Shilo has never waived its statute of limitations defense against a new party that changed the substance of the defenses to the cause of action, especially where the Magistrate's R&R simply denied its motion for summary judgment as to the old parties as moot based on the substitution of new parties. This is especially true where these defenses are specifically raised in Shilo's answer to the amended complaint brought by the "new" parties. The legal issues involved in defending against these two different parties are entirely distinct because they are based on different theories of liability and defenses thereto. In its April 18, 2005 answer to the plaintiffs' amended complaint, Shilo raised those specific defenses, including, but not limited to: (1) that the matter is barred by the statute of repose and/or limitations provisions of R.I.G.L. § 9-1-29 (statute of repose for improvements to real property), (2) that the matter is barred by R.I.G.L. § 9-1-13 (statute of limitations for contracts), and (3) that the matter is barred by R.I.G.L. § 6A-2-726 (statute of limitations pertaining to a sale of goods and breach of warranty). Finally, in its answer to the amended complaint, Shilo also raised the defenses that Johnston is not a third party beneficiary of the subject contract between Shilo and Colson and Colson, and that Travelers should not be allowed to subrogate its rights to those of Johnston, where Johnston is not a named insured, and did not receive payment of insurance proceeds from Travelers. All of these arguments are more fully developed in Shilo's Memorandum in Opposition to Plaintiff's Motion to Amend. (See Document # 65, Filed March 10, 2005.)

Based on the foregoing, the defendant respectfully requests that the Court amend its July 19, 2005 Order to reflect that fact that Shilo has not waived any statute of limitations defenses against the new party plaintiffs, and that Shilo will be allowed to file a dispositive motion against Travelers and Johnston prior to any trial, as permitted in the Court's Order dated May 24, 2005. (See Document # 82, Order Entered May 24, 2005.)

WHEREFORE, the defendant respectfully request that the Court vacate and/or amend its July 19, 2005 Order to reflect that Shilo has not waived its statute of limitations defense against the newly substituted plaintiffs and that Shilo remains entitled to file a motion for summary judgment against the newly substituted plaintiffs, namely, Travelers Indemnity Company of Illinois as subrogee of Johnston Retirement Residence Limited Partnership and Johnston Retirement Residence Limited Partnership.

**ORAL ARGUMENT REQUESTED**

SHILO AUTOMATIC SPRINKLER, INC.

By its Attorneys,

MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Glen R. Whitehead, #6163
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: July 25, 2005

**CERTIFICATION**

I hereby certify that on this 25th day of July, 2005 a true copy of the foregoing was mailed, postage pre-paid, to:

Marco Uriati, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street, 8th Floor
Providence, RI 02903

John T. Walsh, Jr., Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street, 4th Floor
Providence, RI 02903

Miles A. Jellinek, Esq.
The Atrium – 5th Fl.
1900 Market St.
Philadelphia, PA 19103

Robert M. Caplan, Esq.
1900 Market St.
3rd Fl.
Philadelphia, PA 19103

Steven B. Stein, Esq.
Law Offices of Thomas Niarchos
100 Summer St.
Suite 201
Boston, MA 02110



594003v1