UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS, as subrogee of JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP; and JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP, Plaintiffs, | ) | |
| v. | ) | C.A. No. 03-511S |
| SHILO AUTOMATIC SPRINKLER, INC., Defendant. | ) | |

**Order Amending Memorandum and Order of July 19, 2005**

WILLIAM E. SMITH, United States District Judge.

Before this Court is the motion of Shilo Automatic Sprinkler, Inc. ("Shilo" or "Defendant") seeking modification of this Court's July 19, 2005 Memorandum and Order (the "July Order"), which adopted the Report and Recommendation of Magistrate Judge Almond and denied Shilo's summary judgment motion. While Shilo does not dispute the denial of its summary judgment motion against SimplexGrinnell LP ("Grinnell"), Holiday Retirement Corporation ("HRC"), or Travelers Indemnity Company of Illinois ("Travelers"), as subrogee of HRC (collectively, the

"Former Parties"), Shilo asks this Court to amend the July Order to clarify that Shilo has not waived any statute of limitations defenses against the new party plaintiffs, Johnston Retirement Residence Limited Partnership ("Johnston"), and Travelers, as subrogee of Johnston (collectively, the "New Parties"). Neither the Former Parties nor the New Parties have filed an Objection to Shilo's Motion.

As Shilo correctly points out, Shilo filed its motion for summary judgment against the Former Parties -- not against the New Parties. Therefore, while this Court's denial of Shilo's summary judgment motion against the Former Parties was appropriate, Shilo contends that such denial should not prevent it from filing a new summary judgment motion against the New Parties. (Def.'s Mot. Modify at 5.) This Court agrees. As noted by Shilo, Magistrate Judge Almond's March 28, 2005 Memorandum and Order, which allowed the Complaint to be amended to substitute Johnston for HRC, expressly preserved Shilo's right to file a summary judgment motion against the New Parties. (See Mem. and Order at 5 ("this Court offers no opinion as to whether Shilo may ultimately prevail on [its statute of limitations] defense [against Johnston] under Fed. R. Civ. P. 56 or after trial").) Magistrate Judge Almond's April 7, 2005 Report and

Recommendation likewise recommended the denial of Shilo's summary judgment motion against the Former Parties only; it did not reach the New Parties.

For the foregoing reasons, Shilo's Motion to modify or vacate the July Order is GRANTED, and the July Order is hereby amended as follows:

1. All references to the term "Original Plaintiffs" are hereby deleted, and replaced with "Plaintiffs";
2. Footnote two on page two is hereby deleted in its entirety;
3. The phrase "(who, together with Travelers, are collectively referred to as 'the Plaintiffs')" in the second sentence of the first full paragraph on page seven is hereby deleted;
4. The sentence beginning "Importantly, the April R&R did not address" in the first full paragraph on page eight is hereby deleted in its entirety;
5. The word "Plaintiffs'" in the first sentence following the first full paragraph on page eight is hereby deleted;
6. The sentence beginning "Interestingly, Shilo did not object" on page nine is hereby deleted in its entirety;

7. The phrase "(including Johnston and Travelers, as subrogee of Johnston)" is hereby inserted after the word "Plaintiffs" in the second sentence of the first full paragraph on page eleven;

8. The third full sentence on page fourteen, beginning "While the April R&R did not," and the fourth full sentence (excluding footnote nine) on page fourteen, beginning "All that remains," are hereby deleted in their entirety and replaced with the following: "This Court offers no opinion as to whether Shilo may prevail on any defenses it may have against the new party plaintiffs, Johnston and Travelers, as subrogee of Johnston"; and

9. The phrase "(including Johnston and Travelers, as subrogee of Johnston)" is hereby inserted after the word "Plaintiffs" in section III.1. on page fourteen.

The Amended Memorandum and Order is attached.

IT IS SO ORDERED.

William E. Smith
United States District Judge
Date: 8/18/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS, as subrogee of HOLIDAY RETIREMENT CORPORATION; and HOLIDAY RETIREMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>STR GRINNELL GP HOLDING, INC. t/a SIMPLEX GRINNELL, LP; SHILO AUTOMATIC SPRINKLER, INC.; and PATRICIA CARLTON,<br><br>Defendants. | C.A. No. 03-511S |

**Amended Memorandum and Order**

WILLIAM E. SMITH, United States District Judge.

This case arises out of a fire at the Pocasset Lodge (the "Lodge"), an assisted living facility in Johnston, Rhode Island. The owner of the Lodge and its insurer have sued the Defendants for property damage related to the fire. Before this Court are the parties' respective objections to the two Reports and Recommendations of Magistrate Judge Almond concerning the Defendants' motions for summary judgment. The Court generally adopts the recommendations of Magistrate Judge Almond, but writes separately to address the issues raised by the parties in their objections and to clarify the focus of further proceedings.

I. Background

On November 10, 2002, a fire broke out at the Lodge, causing significant property damage. About one year later, on November 6, 2003, Holiday Retirement Corporation[1] ("HRC"), and its insurer, Travelers Indemnity Company of Illinois ("Travelers," and, together with HRC, the "Plaintiffs"), brought a diversity suit for damages against three defendants: SimplexGrinnell LP ("Grinnell"), Shilo Automatic Sprinkler, Inc. ("Shilo"), and Patricia Carlton[2]. In their Complaint, the Plaintiffs alleged that Grinnell, who performed periodic inspections of the Lodge's fire protection system, failed to properly inspect the sprinkler system and to warn the Plaintiffs of the sprinkler system's deficiencies. In addition, the Plaintiffs alleged that Shilo failed to install a fully operational fire protection system pursuant to a design and installation contract (the "1989 Contract") with the Plaintiffs.

---

[1] HRC was originally alleged to be the owner of the Lodge. This was error. (Mem. and Order, 3/28/05, at 4.) HRC was the management company which provided management, risk management, and insurance services to the true owner of the Lodge, Johnston Retirement Residence Limited Partnership ("Johnston"). (Pls.' First Am. Compl. at 3.) As will be explained below, Johnston was later substituted for HRC in the First Amended Complaint in order to remedy this error.

[2] Patricia Carlton, who is alleged to have started the fire at the Lodge by negligently disposing of a cigarette, is no longer a party to the action pursuant to the First Amended Complaint, based on the discharge of a default judgment against her in bankruptcy. (Pls.' First Am. Compl. at 5.)

On January 7, 2004, Grinnell filed its Answer to the Plaintiffs' action, and cross-claimed against Shilo for contribution and indemnity. Thereafter, on October 1, 2004, Grinnell filed a Motion for Summary Judgment against the Plaintiffs based upon exculpatory language in a fire inspection and testing agreement (the "1991 Agreement") between HRC and Grinnell's predecessor, RI-CONN Fire Systems, Inc. ("RI-CONN"), by which HRC allegedly waived certain claims it might have against RI-CONN or RI-CONN's assignees.[3] In their Opposition, filed on November 2, 2004, the Plaintiffs did not dispute the validity of the exculpatory clause. Rather, the Plaintiffs argued that Grinnell was not entitled to the limitation of liability because the 1991 Agreement was never properly assigned from Grinnell's predecessor to Grinnell, and that even if it was, the clause applied only to the Lodge's "protective signaling systems" -- not to the testing and inspection of the sprinkler systems. Grinnell filed its Reply on November 12, 2004.

Meanwhile, on January 30, 2004, pursuant to a Late Answer Stipulation among the parties, Shilo filed its Answer to the Plaintiffs' Complaint and to Grinnell's Cross-claim. Shilo

---

[3] In 1999, RI-CONN sold all of its stock to Grinnell Corporation, who, in turn, assigned its interest under the 1991 Agreement to Grinnell. (Report and Rec., 3/4/05, at 5.)

subsequently moved for summary judgment against both the Plaintiffs and Grinnell on November 29, 2004. In its Motion for Summary Judgment, Shilo argued that the Plaintiffs' Complaint and Grinnell's Cross-claim were barred by the ten-year limitations period on certain construction-related tort claims, set forth in R.I. Gen. Laws § 9-1-29.[4] Shilo also argued that the Plaintiffs' Complaint was barred because of a lack of privity between HRC and Shilo under the 1989 Contract. The Plaintiffs and Grinnell filed Objections, and Shilo filed its Reply on February 8, 2005.

Grinnell's Motion for Summary Judgment against the Plaintiffs and its Cross-claim against Shilo, together with Shilo's Motion for

---

[4] Section 9-1-29 provides, in relevant part:

> No action . . . in tort to recover damages shall be brought against any architect or professional engineer who designed, planned, or supervised to any extent the construction of improvements to real property, or against any contractor or subcontractor who constructed the improvements to real property, or material suppliers who furnished materials for the construction of the improvements, on account of any deficiency in the design, planning, supervision, or observation of construction or construction of any such improvements or in the materials furnished for the improvements:
>
> (1) For injury to property, real or personal, arising out of any such deficiency;
>
> . . . .
>
> (3) . . . more than ten (10) years after substantial completion of such an improvement . . . .

R.I. Gen. Laws § 9-1-29 (1997).

Summary Judgment against the Plaintiffs and Grinnell, were subsequently referred to Magistrate Judge Almond for a Report and Recommendation. Following a hearing on both matters on March 1, 2005, Magistrate Judge Almond issued a Report and Recommendation on March 4, 2005 (the "March R&R"), recommending that this Court grant Grinnell's Motion for Summary Judgment against the Plaintiffs. Specifically, Magistrate Judge Almond reasoned that: Grinnell was a valid assignee of the 1991 Agreement and therefore was entitled to the same limitation of liability enjoyed by its predecessors to the 1991 Agreement; Grinnell and HRC did not agree to supercede the 1991 Agreement with a 2003 invoice (which contained no exculpatory clause);[5] and the limitation-of-liability clause was not limited to "protective signaling systems," but rather applied to the inspection and testing of the sprinkler systems as provided in the 1991 Agreement. Although the March R&R did not say so explicitly, Magistrate Judge Almond later clarified, by way of written response to a letter inquiry from Shilo's counsel, dated April 25, 2005 (the

[5] This argument arises out of an exchange of emails between HRC and Grinnell over the whereabouts of the 1991 Agreement. In September 2003, HRC sent an email to Grinnell seeking a copy of the service contract in effect from November 1, 2002, through October 31, 2003 (i.e., the 1991 Agreement, which was automatically renewable each year) -- covering the period of the fire. When Grinnell could not locate the 1991 Agreement, Grinnell advised HRC by email that the invoice paid by HRC under the service contract in effect for 2002 - 2003 "would serve" as the agreement for this period. (Report and Rec., 3/4/05, at 6-7.)

"April 25 Clarification"), that the March R&R's recommended grant of summary judgment to Grinnell would (if adopted) render Grinnell's Cross-claim against Shilo moot. Meanwhile, on March 14, 2005, the Plaintiffs filed an Objection to the March R&R, setting forth four findings to which they objected but failing to identify any basis for these objections. On April 1, 2005, Grinnell filed its Response to the Plaintiffs' Objection, stating that the Objection violated Rule 32(c)(2) of the Local Rules of the United States District Court for the District of Rhode Island because it failed to specify the basis of the Plaintiffs' objections.

Significantly, the March R&R did not address Shilo's Motion for Summary Judgment against the Plaintiffs or Grinnell. This is because just prior to the March 1, 2005 hearing, the Plaintiffs filed a Motion for Leave to Amend the Complaint to substitute HRC with Johnston as co-Plaintiff, which would necessarily moot Shilo's argument that no privity existed between itself and HRC. Shilo and Grinnell each filed an Opposition to the Motion, and a hearing was held on March 16, 2005. At the hearing, counsel for the Plaintiffs indicated that if it were allowed to amend the Complaint, Grinnell's limitation-of-liability arguments against HRC, which were addressed by the March R&R, would "equally apply" to Johnston. To argue otherwise, the Plaintiffs maintained, would be "disingenuous." In a Memorandum and Order, filed on March 28,

2005, Magistrate Judge Almond granted the Motion, contingent upon the movants' payment of fees for pleading inaccuracies. This Memorandum and Order also modified the March R&R, stating that the March R&R "shall be deemed to apply to Plaintiffs' First Amended Complaint and also constitute a recommendation that the District Court grant Grinnell's Motion for Summary Judgment as to the claim made against it in the First Amended Complaint." (Mem. and Order at 6.)

On April 7, 2005, the Plaintiffs filed their First Amended Complaint, substituting Johnston for HRC. That same day, Magistrate Judge Almond issued a Report and Recommendation (the "April R&R"), recommending that this Court deny as moot Shilo's Motion for Summary Judgment against the Plaintiffs since the First Amended Complaint's substitution of Johnston eliminated Shilo's "no privity" argument. Although the April R&R did not say so explicitly, Magistrate Judge Almond later clarified, by way of the April 25 Clarification, that the April R&R also recommended denying as moot Shilo's Motion for Summary Judgment against Grinnell (who would no longer be a party to this action provided the March R&R was accepted by this Court).

On April 18, 2005, Shilo filed its Answer to the First Amended Complaint. Grinnell followed suit on April 20, 2005, and reasserted its Cross-claim against Shilo, which Shilo subsequently

answered. On April 21, 2005, Shilo filed an Objection to the April R&R, claiming that the April R&R should not have merely denied as moot Shilo's Motion for Summary Judgment, but rather should have addressed the merits of that Motion, namely, whether § 9-1-29's ten-year statute of limitations barred Grinnell's Cross-claim. On May 6, 2005, Grinnell filed a Response to Shilo's Objection, asserting that Magistrate Judge Almond did not err in failing to address the merits of Shilo's Motion against Grinnell, since Grinnell was no longer a party to the action pursuant to the March R&R.[6] Grinnell also argued that § 9-1-29 was inapplicable to contribution and indemnity claims based in contract, and therefore did not bar its Cross-claim against Shilo. A hearing on the Plaintiffs' Objection to the March R&R, and on Shilo's Objection to the April R&R, was held on June 2, 2005.

II. <u>Discussion</u>

A. <u>The March R&R</u>

The Plaintiffs' two-page Objection to the March R&R, which summarily lists four of Magistrate Judge Almond's findings to which the Plaintiffs object, without stating any basis whatsoever for those objections, is clearly in violation of the letter and spirit

---

6 This argument is patently incorrect. As Grinnell, itself, points out elsewhere in its Response, the dismissal of Grinnell from this case is entirely dependent on this Court's adoption of the March R&R. (<u>See</u> Def.'s Response to Obj. at 5 ("This issue remains moot so long as this Court upholds [the March R&R].").)

of District Court of Rhode Island Local Rule 32(c)(2). This Rule provides, in relevant part, that:

> Any party may object to the magistrate's proposed findings, recommendations or report issued under this rule within 10 days after being served with a copy thereof. Such party shall file with the clerk of court and serve on all parties written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made <u>and the basis for such objection</u> . . . .

Local Rule 32(c)(2) of the Dist. Ct. of R.I. (emphasis added). Nor do the Plaintiffs provide any brief, memorandum of authorities, or other supporting documents fleshing out the basis for their objections.

It has been well stated that:

> if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the latter's Fed. R. Civ. P. 11 obligations, can in good conscience complain to the district judge that an objection to a particular finding or recommendation is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . ."

<u>Sackall v. Heckler</u>, 104 F.R.D. 401, 402-03 (D.R.I. 1984) (Selya, J.). Local Rule 32(c)(2) of this Court requires counsel to articulate the specific objections to a magistrate judge's report and recommendation. The reasons are to be set forth in the objection itself and should be expanded upon in an accompanying

memorandum of authorities. There must be substance to such an objection. This may include pointing out that the magistrate judge misread the record (and found no factual disputes where such disputes were present, for example) or missed a key authority; or it may involve a good faith argument that the magistrate judge applied the law incorrectly in some way. But it will not do to simply ask for another bite at the apple.

Here, the Plaintiffs have failed to provide any support whatever for their objections to the March R&R, and it is not this Court's job to search for such support. Accordingly, this Court adopts the March R&R (which was made applicable to Johnston by way of the Memorandum and Order) and grants Grinnell's Motion for Summary Judgment against the Plaintiffs (including Johnston and Travelers, as subrogee of Johnston). See id. at 403 (approving report and recommendation where plaintiff failed to state any basis for its objection, noting that "[t]he court, rather than being directed to a genuine bone of contention, is left, on this claimant's approach, to rummage through the haystack in search of the most evanescent of needles"); see also Johnson v. Zema Sys. Corp., 170 F.3d 734, 741-42 (7th Cir. 1999) (reasoning that plaintiff's failure to specify basis of its objection to report and recommendation, while not objectionable under Fed. R. Civ. P. 72(b), would not suffice under more stringent local rules such as

District Court of Rhode Island Local Rule 32(c)(2)).[7] Grinnell's Cross-claim against Shilo is denied as moot.

B. The April R&R

This Court also adopts the April R&R as follows. Because Grinnell is no longer a party to the action pursuant to this Court's adoption of the March R&R, Shilo's Motion for Summary Judgment against Grinnell is denied as moot. This Court thus need not address Shilo's statute of limitations defense to Grinnell's

[7] This Court's rejection of the Plaintiffs' non-conforming Objection is the third strike in a poor outing for the Plaintiffs. First, as noted above, the Plaintiffs failed to correctly state the name of the owner of the Lodge and party in contractual privity with Shilo, i.e., Johnston. This, in turn, resulted in a substitution of players late in the game and an unnecessary inconvenience for all parties involved -- including this Court. Second, despite the Plaintiffs' assurances that Grinnell's legal arguments against HRC would equally apply to Johnston if the Complaint were amended, and the memorialization of this understanding in Magistrate Judge Almond's March 28, 2005 Memorandum and Order, Plaintiffs' counsel nevertheless defied its earlier position when it argued at the June 2, 2005 hearing before this Court that Grinnell's Motion for Summary Judgment was inapplicable to Johnston. (Tr. at 3:22 - 4:20 ("[I]n light of the fact that the Court recently allowed the plaintiff to amend its complaint to name [Johnston] as the individual plaintiff and as the subrogor of Travelers, I wonder whether or not [Grinnell's] motion for summary judgment isn't moot at this point.").) This is especially troublesome given that counsel for the Plaintiffs previously stated that it would be "disingenuous" to request Johnston's substitution at such a late date and then use this substitution as a defense to Grinnell's Motion -- which is exactly what it has done here. While this Court recognizes that the attorney representing Johnston at the June 2, 2005 hearing was not present at the March 16, 2005 hearing in connection with the Motion for Leave to Amend the Complaint, the attorney's name appears on the Plaintiffs' Objection to the March R&R and he is therefore responsible for knowing the positions taken by his fellow counsel.

Cross-claim set forth within that Motion. Because of the substitution of Johnston for HRC, Shilo's Motion for Summary Judgment against the Plaintiffs is also denied as moot. This Court offers no opinion as to whether Shilo may prevail on any defenses it may have against the new party plaintiffs, Johnston and Travelers, as subrogee of Johnston.[8]

III. Conclusion

For the forgoing reasons, the Court hereby ORDERS as follows:

1. Grinnell's Motion for Summary Judgment against the Plaintiffs (including Johnston and Travelers, as subrogee of Johnston) is GRANTED;

2. Grinnell's Cross-claim against Shilo is DENIED as moot; and

3. Shilo's Motion for Summary Judgment against Grinnell and the Plaintiffs is DENIED as moot.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge

Date: 8/18/05

[8] The caption of this case is hereby changed to "Travelers Indemnity Company of Illinois, as subrogee of Johnston Retirement Residence Limited Partnership; and Johnston Retirement Residence Limited Partnership v. Shilo Automatic Sprinkler, Inc.," in accordance with the First Amended Complaint and this Memorandum and Order.