3941-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS, A/S/O JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP<br>One Tower Square<br>Hartford, CT 06183-1190, et al<br><br>Plaintiff,<br><br>v.<br><br>SHILO AUTOMATIC SPRINKLER, INC.<br>1404 First Street North<br>Nampa, Idaho 83651<br><br>Defendant. | : | CIVIL ACTION<br>NO.: 03-511 S |

**PLAINTIFF'S ASSENTED TO MOTION TO AMEND THE COMPLAINT**

Now comes the plaintiff pursuant to Fed. R. Civ. P. 15(a) who moves to amend the complaint to reflect a name change for the plaintiff insurance company, correct an error in paragraph 13, to delete reference to defendant, STR Grinnell GP Holding, Inc. t/a Simplex Grinnell LP who has been granted Summary Judgment, and to change the amount of the alleged damages in paragraphs 21 and 22 and the ad damnum paragraphs of the complaint.

WHEREFORE, the plaintiff respectfully requests that the Court allow the plaintiff to amend the Complaint for the reasons stated above. The proposed second amended Complaint is enclosed.

Respectfully submitted,
ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY:______________________

MARCO URIATI
Ten Weybosset Street – 8th Floor
Providence, RI 02903
(401) 521-7000
Fax (401) 521-1328

ATTORNEYS FOR PLAINTIFFS

Dated: 9-14-05

LAW OFFICE OF THOMAS M. NIARCHOS
Steven B. Stein, Esquire
100 Summer Street, Suite 201
Boston, MA 02110-2106

COZEN O'CONNOR
Miles A. Jellinek, Esquire
1900 Market Street
Third Floor
Philadelphia, PA 19103

Assented to:
Attorney for the Defendant,
Shilo Automatic Sprinkler, Inc.

______________________

Mark T. Nugent, #2637
Glen R. Whitehead, #6163
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza, 6th Floor
Providence, RI 02903
(401) 331-4660

**CERTIFICATE OF MAILING**

I, hereby state that on this 15th day of September, 2005, I served a copy of the foregoing, via U.S. mail, postage prepaid to following counsel of record:

John T. Walsh, Jr., Esquire
Higgins, Cavanaugh & Cooney
123 Dyer Street, 4th Floor
Providence, RI 02903

Mark T. Nugent, Esquire
Glen Whitehead, Esquire
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza, 6th Floor
Providence, RI 02930

Kathleen D. Leslie, Esquire
Michael Bouyea, Esquire
Whitney & Bogris
401 Washington, Ave, 12th floor
Townson, MD 21204

Karen A. Goloy

39411

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, formerly known as TRAVELERS INDEMNITY COMPANY OF ILLINOIS, A/S/O JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP, One Tower Square Hartford, CT 06183-1190<br><br>and<br><br>JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP, 2250 McGilchrist Street, S.E. Suite 200 Salem, OR 97302<br><br>Plaintiffs<br><br>v.<br><br>SHILO AUTOMATIC SPRINKLER, INC. 1404 First Street North Nampa, Idaho 83651<br><br>Defendant. | CIVIL ACTION NO.: 03-511 S |

## SECOND AMENDED COMPLAINT

Plaintiffs, Travelers Property Casualty Company of America, formerly known as Travelers Indemnity Corporation of Illinois ("Travelers") as subrogee of Johnston Retirement Residence Limited Partnership ("Johnston") and Johnston by and through their undersigned attorneys, hereby demand judgment against defendant, Shilo Automatic Sprinkler, Inc. ("Shilo") and in support hereof allege as follows:

## PARTIES

1. Plaintiff herein, Travelers is a corporation duly organized and existing under the laws of the state of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut 06183, and at all times hereinafter mentioned was duly authorized to issue policies of property insurance in the state of Rhode Island.

2. Plaintiff herein, Johnston is a limited partnership duly organized and existing under the laws of the state of Oregon with its principal place of business located at 2250 McGilchrist Street, S.E., Suite 200, Salem, Oregon 97302, and at all relevant times hereinafter mentioned was the owner of the Pocasset Lodge facility located at 12 Old Pocasset Lane, Johnston, Rhode Island (the "premises"). Johnston's general partners are B.F. Limited Partnership, a Washington Limited Partnership with its principal place of business at 3131 Elliott Avenue, Seattle Washington, Colson and Colson Construction Company, an Oregon corporation with its principal place of business at 2250 McGilchrist Street, Salem, Oregon, Norman L. Brenden, an Oregon resident with an address at 2250 McGilchrist Street, Salem, Oregon, Larry L. Claunch, a Nevada resident with an address at 172 Bueno Court, Henderson, Nevada. Johnston's limited partner is Daniel R. Baty, a Washington resident with an address at 625 Commerce Street, Tacoma, Washington.

3. Defendant herein, Shilo is a corporation duly organized and existing under the laws of the state of Idaho with its principal place of business located at 1404 First Street North, Nampa, Idaho 83651, and at all times hereinafter mentioned was engaged in the business of, *inter alia*, design and installation of sprinkler systems and other fire protection systems.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked under 28 U.S.C. §1332.

5. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a).

## GENERAL ALLEGATIONS

7. At all times material hereto, Travelers provided property insurance coverage for the premises under policy number KTJ-CMB-294 T783-6-01 (the "Policy").

8. At all times material hereto, Johnston was the owner of the premises.

9. At all times material hereto, Holiday Retirement Corporation ("HRC") was a management company providing Johnston with management, risk management and insurance services by way of a management agreement.

10. At all times material hereto, an entity known as Colson and Colson was the construction arm of HRC providing general contracting and construction supervision services for various projects managed by HRC.

11. Colson and Colson was the general contractor and provided construction supervision for the Pocasset Lodge project in Johnston, Rhode Island.

12. Colson and Colson is a general partner with Johnston under the Johnston limited partnership agreement.

13. Johnston, HRC and Colson and Colson are related entities and Johnston and HRC are insured under the Policy.

14. Because of its management and insurance service responsibilities, HRC was the first named insured on the Policy.

15. Travelers payments were made to HRC solely as a pay agent with all monies flowing directly through HRC to Johnston for the benefit of reconstruction of the premises.

16. In or around 1989, Colson and Colson using its authority as a general partner under the limited partnership agreement, contracted with Defendant Shilo for design and installation of a fire protection system at the premises.

17. In performing the design and installation of the fire protection system at the premises, defendant Shilo warranted its work would be performed in a professional and workmanlike manner in accordance with industry standards.

18. On November 10, 2002, a fire originated and occurred on the balcony outside a second floor apartment at the premises when a cigarette being smoked by Patricia Carlton a former Defendant whose default judgment was discharged in bankruptcy, was improperly discarded into a plastic artificial plant.

19. There were no sprinkler heads located on the balcony outside the second floor apartment of the premises which allowed the fire to spread to the siding, up the walls and into the attic space of the premises.

20. As a result of the failure of the sprinkler system to contain, control and/or extinguish the fire in its incipient stages, the fire spread and caused substantial damage and destruction to the premises.

21. As a direct and proximate result of the fire, Johnston sustained damages to its real property in a fair and reasonable amount in excess of $4,000,000.

22. Pursuant to its contract of insurance with Johnston, Travelers has made payment under the Policy, to date in an amount in excess of $4,000,000.

23. As a result of the aforesaid payment, pursuant to its contract of insurance and by operation of law, Travelers became subrogated to the rights of Johnston against all parties responsible for the damages to the premises.

24. On January 1, 2004, plaintiff Travelers assumed, acquired and/or purchased the liabilities of Travelers Indemnity Company of Illinois, and, as a result thereof, plaintiff Travelers acquired all of Travelers Indemnity Company of Illinois' rights of subrogation and recovery under said policy.

**COUNT I**
**TRAVELERS and JOHNSTON v. SHILO**
**BREACH OF WARRANTY**

25. Plaintiffs incorporate the allegations of paragraphs 1 through 24 hereof as though same were fully set forth at length herein.

26. Defendant Shilo agreed to perform its installation services, including but not limited to, the design, installation, inspection and activation of the fire protection system in a good, professional and workmanlike manner and in accordance with applicable industry codes and standards.

27. By failing to perform its duties as a contractor as described above, defendant Shilo breached its express and implied warranties.

28. As the direct and proximate result of the foregoing, plaintiffs sustained damages as aforesaid.

WHEREFORE, plaintiffs demand judgment against defendant Shilo Automatic Sprinkler, Inc. in an amount in excess of $4,000,000 together with interest and costs of this action.

**COUNT II**
**TRAVELERS and JOHNSTON v. SHILO**
**BREACH OF CONTRACT**

29. Plaintiffs incorporate the allegations of paragraphs 1 though 24 hereof as though same were fully set forth at length herein.

30. Plaintiff Johnston, through its general partner Colson and Colson entered into a written agreement with defendant Shilo for the installation of a fire protection system in exchange for valuable consideration.

31. Johnston paid defendant Shilo for the installation of a fully operational fire protection system which Shilo failed to deliver.

32. Defendant, Shilo breached its contractual obligations in that the defendant failed to install a fully operational sprinkler system.

33. As a direct and proximate result of the foregoing, plaintiffs sustained damages as aforesaid.

WHEREFORE, plaintiffs demand judgment against defendant Shilo Automatic Sprinkler, Inc. in an amount in excess of $4,000,000 together with interest and costs of this action.

Respectfully submitted,
ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY: ______________________
MARCO URIATI
Ten Weybosset Street – 8th Floor
Providence, RI 02903
(401) 521-7000
Fax (401) 521-1328

ATTORNEYS FOR PLAINTIFFS

Dated: 9-14-05

LAW OFFICE OF THOMAS M. NIARCHOS
Steven B. Stein, Esquire
100 Summer Street, Suite 201
Boston, MA 02110-2106

COZEN O'CONNOR
Miles A. Jellinek, Esquire
1900 Market Street
Third Floor
Philadelphia, PA 19103

**CERTIFICATE OF MAILING**

I, hereby state that on this 15th day of September, 2005, I served a copy of the foregoing, via U.S. mail, postage prepaid to following counsel of record:

John T. Walsh, Jr., Esquire
Higgins, Cavanaugh & Cooney
123 Dyer Street, 4th Floor
Providence, RI 02903

Mark T. Nugent, Esquire
Glen Whitehead, Esquire
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza, 6th Floor
Providence, RI 02930

Kathleen D. Leslie, Esquire
Michael Bouyea, Esquire
Whitney & Bogris
401 Washington, Ave, 12th floor
Townson, MD 21204

Karen A. Galog [signature]