UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS, A/S/O JOHNSTON RETIREMENT RESIDENCE LIMITED PARTNERSHIP One Tower Square Hartford, Connecticut 06183 et al., et al. | |
| | C.A. No.: 03-511 S |
| vs. | |
| SHILO AUTOMATIC SPRINKLER, INC. 1404 First Street North Nampa, Idaho 83651 | |

**ANSWER OF DEFENDANT SHILO AUTOMATIC SPRINKLER, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Now comes the defendant, Shilo Automatic Sprinkler, Inc., and hereby answers the allegations in the plaintiffs' second amended complaint as follows:

**First Defense**

**Parties**

1. Defendant Shilo Automatic Sprinkler, Inc. (hereinafter "Defendant Shilo") is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 1 of the plaintiffs' second amended complaint.

2. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 2 of the plaintiffs' second amended complaint.

3. Defendant Shilo admits that it is an Idaho corporation with a principal place of business in Nampa, Idaho but denies the remaining allegations contained in Paragraph 3 of the plaintiffs' second amended complaint.

**Jurisdiction and Venue**

4. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 4 of the plaintiffs' second amended complaint.

5. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 5 of the plaintiffs' second amended complaint.

6. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 6 of the plaintiffs' second amended complaint.

## General Allegations

7. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 7 of the plaintiffs' second amended complaint.

8. Defendant Shilo denies the allegations contained in Paragraph 8 of the plaintiffs' second amended complaint.

9. Defendant Shilo denies the allegations contained in Paragraph 9 of the plaintiffs' second amended complaint.

10. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 10 of the plaintiffs' second amended complaint.

11. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 11 of the plaintiffs' second amended complaint.

12. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 12 of the plaintiffs' second amended complaint.

13. Defendant Shilo denies the allegations contained in Paragraph 13 of the plaintiffs' second amended complaint.

14. Defendant Shilo denies the allegations contained in Paragraph 14 of the plaintiffs' second amended complaint.

15. Defendant Shilo denies the allegations contained in Paragraph 15 of the plaintiffs' second amended complaint.

16. Defendant Shilo denies the allegations contained in Paragraph 16 of the plaintiffs' second amended complaint.

17. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 17 of the plaintiffs' second amended complaint.

18. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 18 of the plaintiffs' second amended complaint.

19. Defendant Shilo is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 19 of the plaintiffs' second amended complaint.

20. Defendant Shilo denies the allegations contained in Paragraph 20 of the plaintiffs' second amended complaint.

21. Defendant Shilo denies the allegations contained in Paragraph 21 of the plaintiffs' second amended complaint.

22. Defendant Shilo denies the allegations contained in Paragraph 22 of the plaintiffs' second amended complaint.

23. Defendant Shilo denies the allegations contained in Paragraph 23 of the plaintiffs' second amended complaint.

24. Defendant Shilo denies the allegations contained in Paragraph 24 of the plaintiffs' second amended complaint.

## Count I

### Travelers and Johnston v. Shilo – Breach of Warranty

25. Defendant Shilo restates and incorporates by reference herein its response to Paragraphs 1 through 24 of the plaintiffs' second amended complaint.

26. Defendant Shilo denies the allegations contained in Paragraph 26 of the plaintiffs' second amended complaint.

27. Defendant Shilo denies the allegations contained in Paragraph 27 of the plaintiffs' second amended complaint.

28. Defendant Shilo denies the allegations contained in Paragraph 28 of the plaintiffs' second amended complaint.

**Count II**

**Travelers and Johnston v. Shilo – Breach of Contract**

29. Defendant Shilo restates and incorporates by reference herein its response to Paragraphs 1 through 29 of the plaintiffs' second amended complaint

30. Defendant Shilo denies the allegations contained in Paragraph 30 of the plaintiffs' second amended complaint.

31. Defendant Shilo denies the allegations contained in Paragraph 31 of the plaintiffs' second amended complaint.

32. Defendant Shilo denies the allegations contained in Paragraph 32 of the plaintiffs' second amended complaint.

33. Defendant Shilo denies the allegations contained in Paragraph 33 of the plaintiffs' second amended complaint.

**Second Defense**

The plaintiffs' complaint against defendant Shilo is barred by the provisions of R.I.G.L. § 9-1-29.

**Third Defense**

The plaintiffs' complaint against defendant Shilo is barred by the provisions of R.I.G.L. § 9-1-13 et seq.

**Fourth Defense**

The plaintiffs' complaint is barred by the applicable statute of limitations pertaining to sale of goods, under the applicable provisions of R.I.G.L. § 6A-2-725.

**Fifth Defense**

The plaintiffs' complaint is barred by the applicable statute of limitations pertaining to actions in contract and warranty relating to a sale of goods.

**Sixth Defense**

The plaintiffs have no contractual rights to assert against this defendant.

**Seventh Defense**

The plaintiffs are not third party beneficiaries of the applicable contract between Colson & Colson and Shilo.

**Eighth Defense**

The plaintiffs' complaint fails to state a claim upon which relief can be granted because Travelers may not subrogate its rights to those of Johnston, where Johnston is not a named insured, and did not receive payment of insurance proceeds from Travelers.

**Ninth Defense**

If the plaintiffs were damaged as alleged, which is denied, the same was due to the acts or omissions of others for whom this defendant was not responsible.

**Tenth Defense**

The plaintiffs have failed to mitigate their damages.

**Eleventh Defense**

If the plaintiffs were damages as alleged, which is denied, the same was due to their own lack of due care under the circumstances.

**Twelfth Defense**

The plaintiffs' complaint fails to state a claim upon which relief may be granted as to defendant Shilo.

**Thirteenth Defense**

The plaintiffs' complaint is barred by the terms and conditions of the alleged contract.

**Fourteenth Defense**

The plaintiffs' complaint is barred by the doctrine of waiver and estoppel.

**Fifteenth Defense**

This defendant was not negligent.

WHEREFORE, this defendant prays that this Court:

a. Enter judgment for the defendant, dismissing all claims;

b. Award the defendant costs, expenses and attorneys' fees; and

c. Grant such further relief as the Court may deem just.

**Jury Demand**

Defendant Shilo hereby demands a jury trial as to all triable issues of right and designates Mark T. Nugent as trial counsel.

SHILO AUTOMATIC SPRINKLER, INC.

By its Attorneys,

MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
Glen R. Whitehead, #6163
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 7 day of Oct, 2005 a true copy of the foregoing was mailed, postage pre-paid, to:

Marco Uriati, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street, 8th Floor
Providence, RI 02903

Miles A. Jellinek, Esq.
The Atrium – 5th Fl.
1900 Market St.
Philadelphia, PA 19103

Steven B. Stein, Esq.
Law Offices of Thomas Niarchos
100 Summer St.
Suite 201
Boston, MA 02110

Robert M. Caplan, Esq.
1900 Market St.
3rd Fl.
Philadelphia, PA 19103

[signature]