United States District Court for the District of Oregon

| | | |
|---|---|---|
| TRAVELERS OF ILL, et al.,<br><br>plaintiff<br>VS.<br>SHILO AUTOMATIC SPRINKLER, et al.,<br><br>defendant | } | No. 03-511S |

STATE OF OREGON }
} SS.
COUNTY OF MARION }

AFFIDAVIT
PROOF OF SERVICE

I HEREBY CERTIFY, that I have made service of the following upon the individual(s) named below by delivering a certified/true copy of Subpoena in a Civil Case and Notice of Deposition

Upon Holiday Retirement Corporation, by leaving such true copy with Mary Durbin, Person authorized to accept thereof; at 2250 McGilchris St. SW Ste 200, Salem, OR 97302 on November 21, 2005, at 04:12PM

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

Dated December 1, 2005

[signature]
Bruce Gruber

TRANSERV LEGAL PROCESS SERVICE
310 S.W. Fourth Ave, Suite 200
Portland, Oregon 97204
(503) 241-0484

Subscribed and Sworn to before me this 1 day of December, 2005.

[signature]

OFFICIAL SEAL
LAURICE AVERILL
NOTARY PUBLIC-OREGON
COMMISSION NO. 377595
MY COMMISSION EXPIRES FEB. 19, 2008

284297

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TRAVELERS OF ILL, ET AL
V.
SHILO AUTOMATIC SPRINKLER, ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] District of Rhode Island 03-511S

TO: Holiday Retirement Corporation 30(b)(6)
2250 McGilchrist St. SW, Suite 200
Salem, Oregon 97302

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. SEE ATTACHED SCHEDULE A

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| COSGRAVE VERGEER KESTER LLP, SW BROADWAY 8th Fl PORTLAND, OREGON 97205 | 12/15/2005 10:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE B

| PLACE | DATE AND TIME |
|---|---|
| COSGRAVE VERGEER KESTER LLP, SW BROADWAY 8th Fl PORTLAND, OREGON 97205 | 12/15/2005 10:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Glen R. Whitehead Attorney For Defendant | 11/16/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ATTORNEY GLEN R. WHITEHEAD, RI BAR REG#6163, MORRISON MAHONEY LLP, 121 SOUTH MAIN STREET SUITE 600, PROVIDENCE, RI 02903 (401) 331-4660

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**SCHEDULE A**

1. Any and all contracts between Holiday Retirement Corporation and Johnston Retirement Residence Limited Partnership for management of The Pocasset Lodge, 12 Old Pocasset Lane, Johnston, Rhode Island 02919.

2. Any and all subcontract agreement(s) for management at the Pocasset Lodge between Holiday Retirement Corporation and XL Management.

3. The fire that occurred on or about November 10, 2002 at The Pocasset Lodge, 12 Old Pocasset Lane, Johnston, RI 02919, and the resulting damage.

4. Any claim for insurance benefits made by Holiday Retirement Corporation as a result of the fire that occurred at the Pocasset Lodge, 12 Old Pocasset Lane, Johnston, RI 02919.

5. All insurance proceeds received as a result of the fire that occurred on November 10, 2002, at the Pocasset Lodge, 12 Old Pocasset Lane, Johnston, RI 02919.

6. Communications to and from Johnston Retirement Residence Limited Partnership or any of its authorized agents regarding the fire loss that occurred on or about November 10, 2002, at the property at 12 Old Pocasset Lane, Johnston, RI 02919.

7. The business relationship between Holiday Retirement Corporation, Colson & Colson Construction, Curry Brandaw Architects, and Johnston Retirement Residence Limited Partnership.

8. Holiday Retirement Corporation's policy of insurance on the property at 12 Old Pocasset Lane, Johnston, Rhode Island, and the status of Johnston Retirement Residence Limited Partnership on any such policy at the time of the fire that occurred on November 10, 2002.

## SCHEDULE B

Deponent is required to bring the following documents for inspection and copying at the deposition:

Request No. 1. True and accurate copy(ies) of any and all Management Agreement(s) between Johnston Retirement Residence Limited Partnership and Holiday Retirement Corporation relating to the premises at 12 Old Pocasset Lane, Johnston, Rhode Island.

Request No. 2. Any and all documents relating to Holiday Retirement Corporation's partnership interest in Johnston Retirement Residence Limited Partnership.

Request No. 3. Any and all documents evidencing any communication, agreement, or any other matter between Holiday Retirement Corporation and Johnston Retirement Residence Limited Partnership relating to the development or improvement of the real property located at 12 Old Pocasset Lane, Johnston, Rhode Island for the period of time from 1988 to the present.

Request No. 4. All documents which relate or refer to any inspections, testing, maintenance, repairs, replacement, additions, or modifications made to the fire sprinkler system located at 12 Old Pocasset Lane, Johnston, Rhode Island at any time.

Request No. 5. All documents related to any policy of insurance under which any claim for damage allegedly resulting from the fire occurrence on November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island, were paid.

Request No. 6. Any written reservation of rights documents, non-waiver agreements or other memorandum, correspondence, agreement or documents which in any way asserts to limit the right of Johnston Retirement Residence Limited Partnership or Holiday Retirement Corporation under and pursuant to the terms and conditions of such insurance policy or insurance policies as a result of the fire that occurred on November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island.

Request No. 7. Any and all documents by and between Holiday Retirement Corporation and Johnston Retirement Residence Limited Partnership pertaining to the fire incident that occurred on or about November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island.

Request No. 8. All documents referring or relating in any way to any communication between Holiday Retirement Corporation and Travelers Indemnity Company of Illinois and/or Johnston Retirement Residence Limited Partnership regarding the fire that occurred on or about November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island

Request No. 9. Any and all reports, documents or citations from any local fire department or other governmental entity related to the sprinkler system or the fire that occurred on or about November 10, 2002, at 12 Old Pocasset Lane, Johnston Rhode Island.

Request No. 10. Copies of each and every settlement draft or payment receipt, and any and all other documents evidencing payment by Travelers Indemnity Company of Illinois or any other company related to the adjustment of the fire loss that occurred on or about November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island.

Request No. 11. Copies of each and every settlement draft or payment, and any and all other documents related to the adjustment of the fire loss that occurred on or about November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island, payable by Holiday Retirement Corporation to or on behalf of Johnston Retirement Residence Limited Partnership.

Request No. 12. Copies of any and all documents exchanged between Johnston Retirement Residence Limited Partnership and Travelers Indemnity Company of Illinois and/or Holiday Retirement Corporation with respect to the fire on November 10, 2002 at 12 Old Pocasset Lane, Johnston, Rhode Island, and the subsequent loss of property related thereto.